OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. STEAD

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. STEAD
2022 OK 7
Case Number: SCBD-7194
Decided: 01/18/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 7, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION.

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Robin Gay Stead, Respondent.
ORDER OF IMMEDIATE INTERIM SUSPENSION
Â¶1 On December 9, 2021, the Complainant, Oklahoma Bar Association (OBA), filed a verified complaint against the respondent, Robin Gay Stead, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. The OBA, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP and an order to preserve the funds in her client trust account.
Â¶2 The complaint alleges that Respondent failed to transfer settlement funds when ordered to do so by the Lincoln County District Court. The complaint also alleges Respondent failed to appear, to respond, to produce records, or to file an application for reimbursement of fees, when directed by the court. According to the complaint, as of the date of the filing of the complaint, the Respondent has not tendered the remaining settlement funds to the Lincoln County District Court, and has ceased communicating with or responding to the OBA. The complaint also alleges significant irregularities with respect to Respondent's client trust account and personal bank account, and diminishing funds in the client trust account. The OBA seeks an Emergency Order of Interim Suspension of Respondent due to alleged substantial harm posed by her continued practice of law and access to the remaining funds in her client trust account. The OBA requests an Order directing Respondent to preserve all remaining funds in her client trust until a complete audit may be accomplished.
Â¶3 On December 10, 2021, this Court ordered Respondent to show cause why an Order of Immediate Interim Suspension should not be entered, and to show cause why an Order should not be entered prohibiting her from withdrawing funds from her client trust account until an audit. Respondent did not respond.
Â¶4 Upon consideration of the verified complaint and application for immediate interim suspension, and the Respondent's failure to respond to this Court's Order to Show Cause, the Court finds that Respondent has committed conduct in violation of the Oklahoma Rules of Professional Conduct and that Respondent's conduct poses an immediate threat of substantial and irreparable public harm, namely harm to her clients' legal and financial interests.
Â¶5 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Robin Gay Stead is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP. It is further ordered that Respondent is prohibited from withdrawing funds from her IOLTA account until an audit may be performed.
Â¶6 Inasmuch as Respondent did not file an objection under Rule 6.2A(2)(a) and (b), pursuant to Rule 6.2A(3)(b), Respondent Robin Gay Stead is ordered to give written notices by certified mail, within 20 days from the date of this order, to all of her clients having legal business then pending of her inability to represent them and the necessity for promptly retaining new counsel. If Robin Gay Stead is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the Respondent had substantial responsibility. Respondent shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within 20 days from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that she has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.
Â¶7 DONE BY ORDER OF THE SUPREME COURT in conference on January 18, 2022.
/S/ACTING CHIEF JUSTICE 
ALL JUSTICES CONCUR.